| | |
|---|---|
| 1 | Anthony Boskovich, No. 121198 |
| | Law Offices of Anthony Boskovich |
| 2 | 28 N. First Street, 6th Floor |
| | San Jose, California 95113-1210 |
| 3 | |
| 4 | (408) 286-5150 |
| 5 | Attorney for plaintiff TANYA BRADFORD |

IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| TANYA BRADFORD, | ) | No. |
| *Plaintiff*, | ) | |
| v. | ) | COMPLAINT FOR VIOLATION |
| | ) | OF CIVIL RIGHTS -- |
| OFFICER GILLIAN, individually and in his capacity as an Alameda police officer; OFFICER PETTY, individually and in his capacity as an Alameda police officer; OFFICER SANCHEZ, individually and in her capacity as an Alameda police officer; JOHN DOE and RACHEL ROE, individually and in their capacities as police officers for the City of Alameda, the identity and number of whom are unknown to plaintiff; CITY OF ALAMEDA; OFFICER RODRIGUEZ, individually and in his capacity as an Oakland police officer; OFFICER FLEMING, individually and in his capacity as an Oakland police officer; OFFICER COPPENAN, individually and in his capacity as an Oakland police officer; MICHAEL MOE and LINDA LOE, individually and in their capacities as police officers for the City of Oakland, the identity and number of whom are unknown to plaintiff; CITY OF OAKLAND; DAWN GOLDEN; GREG GURMAN; DOES 1 through 50, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| *Defendants*. | ) | |

Complaint for Violation of Civil Rights --
Jury Trial Demanded

Page 1

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged occurred in the Cities of Oakland and Alameda, which are within this judicial district.

## PARTIES

2. Plaintiff TANYA BRADFORD, is and at all times herein mentioned was a resident of Alameda County, California, and is readily recognizable as African American.

3. At all times mentioned herein, defendants, OFFICER GILLIAN, OFFICER PETTY, OFFICER SANCHEZ, JOHN DOE and RACHEL ROE, (hereinafter "OFFICERS"), were employed as police officers for defendant City of Alameda. At all times mentioned herein, defendants, OFFICER RODRIGUEZ, OFFICER FLEMING, OFFICER COPPENAN, MICHAEL MOE and LINDA LOE, (also hereinafter "OFFICERS"), were employed as police officers for defendant City of Oakland. Defendant OFFICERS are sued individually and in their capacity as police officers for the City of Alameda and City of Oakland. By engaging in the conduct described here, defendant OFFICERS acted under the color of law and in the course and scope of their employment for defendant City of Alameda and City of Oakland. By engaging in the conduct described here, defendant OFFICERS exceeded the authority vested in them as police officers under the United States Constitution and as employees of the City of Alameda and City of Oakland.

4. Defendant CITY OF ALAMEDA (hereinafter "ALAMEDA") is a municipal corporation, duly organized and existing under the laws of the State of California.

5. Defendant CITY OF OAKLAND (hereinafter "OAKLAND") is a municipal corporation, duly organized and existing under the laws of the State of California.

6. Defendant DAWN GOLDEN is, and at all times mentioned herein was, an individual, residence unknown.

7. Defendant GREG GURMAN is, and at all times mentioned herein was, an individual, residence unknown, and the owner of a vehicle bearing California license plate number 2CNB024.

8. Plaintiff is ignorant of the true names and capacities of defendant DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth. Plaintiff will amend this complaint to state the true names and capacities of defendants DOES 1 through 50, inclusive, when they have been ascertained.

9. At all times mentioned herein, each named and DOE defendant was the agent or employee of every other defendant, and in doing the things alleged, were acting within the course and scope of such agency or employment and with the actual or implied permission, consent, authorization, and approval of the named defendants.

Complaint for Violation of Civil Rights --
Jury Trial Demanded

# STATEMENT OF FACTS

10. On 3 June 2000, at approximately 10:00 P.M., plaintiff was driving her vehicle from Oakland into Alameda, and traffic was stopped because the High Street bridge needed to be raised to let a boat pass.

11. A vehicle, (hereinafter "defendants' vehicle"), driven by defendant GOLDEN and DOES 26 through 30, and owned by defendant GURMAN and DOES 31 through 35, California license plate number 2CNB024, came alongside plaintiff's vehicle.

12. When the bridge was lowered, traffic began to move, and defendants, and each of them, caused their vehicle to run plaintiff's vehicle into oncoming traffic.

13. Defendants' vehicle then got behind plaintiff's vehicle, and defendants, and each of them, rammed their vehicle into the rear of plaintiffs' vehicle while blowing their horn.

14. Plaintiff attempted to get away from defendants, and each of them, but defendants, and each of them, repeatedly rammed plaintiff's vehicle with theirs as plaintiff attempted to escape.

15. Plaintiff immediately tried to drive toward a police station, and was followed and rammed by defendants' vehicle. Plaintiff called "911".

16. At one point, plaintiff pulled into a United Parcel service parking lot in an attempt to resolve the matter. Plaintiff's fiancé, also African American, got out of the car, and defendants' vehicle attempted to run him down. Plaintiff pulled her vehicle back onto the street.

Complaint for Violation of Civil Rights --
Jury Trial Demanded

Page 4

1    17. Plaintiff managed to get behind defendants and called the police, and when defendants
2 saw this, they put their vehicle into reverse and immediately rammed the front of plaintiff's car. The
3 "911" operator heard plaintiff describe how this was happening.

5    18. Oakland police arrived, and plaintiff told them that the defendants' vehicle was heading
6 toward the airport. Shortly afterward, the defendants' vehicle reappeared and many police cars were
7 present.

9    19. Defendants Golden, Gurman, and DOES 26 through 35 told the police officers that
10 plaintiff had been the aggressor and had weapons, knowing that this was false and likely to cause
11 plaintiff to be detained. Defendant OFFICERS gave this statement more credibility than that of
12 plaintiff and her companions because defendants were not African-American.

14    20. An unknown officer came to plaintiff's door and put his hand through the window and
15 opened the door without permission and ordered plaintiff out of the vehicle. This officer forcibly
16 pulled plaintiff out of her vehicle. Plaintiff was searched.

18    21. Plaintiff was then put in a police car, and never asked for her side of the story. While in
19 the police car, defendant Rodriguez repeatedly referred to plaintiff and her companions as "niggers".

21    22. Defendant Oakland police OFFICERS held plaintiff in handcuffs in the back of the
22 police car incognito for approximately two hours, while the non-black occupants of defendants'
23 vehicles were never restrained in any way. Plaintiff was not asked her side of the story.

27 Complaint for Violation of Civil Rights --
Jury Trial Demanded

1   23. Eventually, Alameda OFFICERS arrived and conducted a search of plaintiff's
2 belongings and vehicle. Officer Gillian attempted to coerce a confession out of plaintiff for possession
3 of drugs and weapons, but this allegation was patently false, and plaintiff denied the allegation.

5   24. OFFICERS told plaintiff that she was under arrest for assault with a deadly weapon, and
6 transported plaintiff to the Alameda police department. When asked why she was being arrested,
7 Alameda OFFICERS stated that it was because Oakland OFFICERS had instructed them to do so.

9   25. Plaintiff told OFFICERS that she needed to go to the bathroom, but was denied the
10 opportunity to use the bathroom. Plaintiff begged to be allowed to tell her side of the story, but
11 OFFICERS told her that they did not want to hear her side of the story. Plaintiff additionally asked
12 to make a telephone call, and defendant OFFICERS denied her this right as well.

14   26. Plaintiff was eventually transported to jail in Oakland, where OFFICERS again refused
15 to allow her to make a telephone call or to use the toilet. Instead, she was intimidated and
16 threatened, being told that she might be housed with gay inmates.

18   27. Plaintiff was not allowed to make a telephone call until the next day, and was held three
19 days in jail with no opportunity to speak to a lawyer. When brought to court, all charges, if any
20 there were, were dropped.
21 //
22 //
23 //
24 //
25 //

27 Complaint for Violation of Civil Rights --
Jury Trial Demanded
28

## DAMAGES

28. As a proximate result of defendants' conduct, plaintiff suffered pain and physical injuries. As a further proximate result of defendants' conduct, plaintiff suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of their sense of security, dignity, and pride as citizens of the United States.

29. As a further proximate result of defendants' conduct, plaintiff has incurred medical expenses and lost time from his usual occupation.

30. As a further proximate result of defendants' conduct, plaintiff has sustained damage to her property, including loss of use, in an amount according to proof.

31. The conduct of defendant OFFICERS, GOLDEN, and GURMAN was malicious, wanton, and oppressive. Plaintiff is therefore entitled to award of punitive damages against these defendants.

32. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of civil rights.

//
//
//
//
//

Complaint for Violation of Civil Rights --
Jury Trial Demanded

**FIRST CLAIM FOR RELIEF**
(42 U.S.C § 1983)
(Against defendants OFFICERS and DOES 1 through 25, inclusive)

33. Plaintiffs reallege and incorporate by reference paragraphs 1 through 32 of this complaint.

34. In doing the acts complained of, defendants OFFICERS acted under the color of the law to deprive the plaintiff of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right to be free from arrest without probable cause, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

c. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

d. The right to be free form the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

e. The right to be free from cruel and unusual punishment; and from pre-charging and pre-judgment punishments, as guaranteed by the Eighth Amendment to the United States Constitution;

f. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

g. The right to be free from governmental interference with family relationships as protected by the Fourteenth Amendment to the United States Constitution;

h. The right to be free from illegal and unduly coercive interrogation, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; and,

i. The right to Equal Protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

Complaint for Violation of Civil Rights --
Jury Trial Demanded

1   35. As a proximate result of defendants' wrongful conduct, plaintiffs suffered injuries and
2 damages as set forth.

4   **WHEREFORE**, Plaintiff prays for relief as set forth.

8                           **SECOND CLAIM FOR RELIEF**
                                  (42 U.S.C. § 1983)
9              (Against Defendants CITY OF ALAMEDA and CITY OF OAKLAND)

11   36. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 35 of this
12 complaint.

14   37. ALAMEDA and OAKLAND, by and through its supervisory officials and employees,
15 has been given notice on repeated occasions of a pattern of ongoing constitutional violations and
16 practices by defendant OFFICERS herein and other Alameda and Oakland police officers,
17 consisting of in part search and seizure without probable cause, false arrest, the use of unnecessary
18 and excessive force, racism, failure to allow incarcerated persons to exercise their rights, coercive
19 interrogations, and other violations of the civil rights of African American citizens. Despite said
20 notice, defendants ALAMEDA and OAKLAND have demonstrated deliberate indifference to this
21 pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate
22 measures to prevent the continued perpetuation of said pattern of conduct by Alameda and Oakland
23 police officers. This lack of an adequate supervisorial response by defendants ALAMEDA and
24 OAKLAND demonstrates the existence of an informal custom or policy which tolerates and
25 promotes the continued racism, unlawful detention, search, seizure, coercive interrogation, and

27 Complaint for Violation of Civil Rights --
   Jury Trial Demanded
28                                                                                            Page 9

1 arrest of African American citizens, use of excessive force against, and violation of civil rights of
2 persons by Alameda and Oakland police officers.

4  38. The acts of defendant police officers alleged herein are the direct and proximate result
5 of the deliberate indifference of defendants ALAMEDA and OAKLAND and their supervisory
6 officials and employees to violations of the constitutional rights of persons by defendant OFFICERS
7 herein, and other members of the Alameda and Oakland Police Departments. Plaintiff's injuries
8 were foreseeable and a proximate result of the deliberate indifference of ALAMEDA and
9 OAKLAND to the pattern, practices, customs, and policies described above.

11 **WHEREFORE**, Plaintiff prays for relief as set forth

### THIRD CLAIM FOR RELIEF
(Negligence)

17  39. Plaintiff reiterates and incorporates by reference as if fully contained herein paragraphs
18 1 through 32 of this complaint.

20  40. At all times mentioned herein, defendant GOLDEN and DOES 26 through 30 were
21 driving and operating the vehicle with the consent, permission, and knowledge of defendants
22 GURMAN and DOES 31 through 35.

24  41. At all times herein mentioned, defendants were subject to a duty of care, to avoid causing
25 unnecessary physical harm and distress to citizens, as well as property damage. The conduct of

27 Complaint for Violation of Civil Rights --
Jury Trial Demanded
28                                                                                                     Page 10

1 defendants, as set forth herein, did not comply with the standard of care to be exercised by 2 reasonable persons, proximately causing plaintiff to suffer damages as set forth.

4 **WHEREFORE,** Plaintiff prays for relief as set forth.

## FOURTH CLAIM FOR RELIEF
(California Civil Code § 51.7)

10 42. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 32 of this 11 complaint.

13 43. Plaintiff is informed and believes and thereon alleges that the conduct of defendants, as 14 described herein, was motivated by racial prejudice against plaintiff. By engaging in such conduct, 15 defendants violated plaintiff rights under California Civil Code section 51.7 to be free from violence 16 or intimidation by threat of violence committed against them because of her race, color, or ancestry.

18 44. Under the provisions of California Civil Code section 52, subdivision (b), defendants are 19 liable for each and every offense for each and every offense for exemplary damages, for twenty-five 20 thousand dollars ($25,000) in addition thereto, and for the payment of plaintiff's attorney fees.

22 45. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as set 23 forth.

25 **WHEREFORE**, Plaintiff prays for relief as set forth.

27 Complaint for Violation of Civil Rights --
Jury Trial Demanded

Page 11

**FIFTH CLAIM FOR RELEIF**
(Assault and Battery)
(Against defednant GOLDEN and GURMAN, and DOES 26 through 35)

46. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 32 of this complaint.

47. Defendants placed plaintiff in immediate fear for her safety by repeatedly ramming her vehicle with theirs. By so doing, defendants committed an assault and battery upon plaintiff.

48. Defendants' conduct was neither privileged nor justified under statute or common law.

49. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as set forth.

50. The conduct of defendants, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. However, in order to deliberately injure plaintiff, defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe injury upon plaintiff, thereby justifying an award of punitive damages against all defendants.

**WHEREFORE**, Plaintiff prays for relief as set forth.

//
//
//
//

Complaint for Violation of Civil Rights --
Jury Trial Demanded

**SIXTH CLAIM FOR RELIEF**
(Intentional Infliction of Emotional Distress)

51. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 32 of this complaint.

52. The conduct of defendants, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. However, in order to deliberately injure plaintiff, defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiff.

53. As a proximate result of defendants' willful, intentional and malicious conduct, plaintiff suffered severe and extreme metal and emotional distress. Therefore, plaintiff is entitled to an award of punitive damages. Plaintiff has suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth

**SEVENTH CLAIM FOR RELIEF**
(False Imprisonment)

54. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 32 of this complaint.

Complaint for Violation of Civil Rights --
Jury Trial Demanded

Page 13

55.  On or about 3 June 2000, police officers arrested plaintiff without a warrant or order of commitment of any kind, or any other legal authority of any kind, even though plaintiff had not committed any crime or public offense.

56.  Plaintiff was arrested in part due to the knowingly false and malicious statement made by defendants GOLDEN, GURMAN, and DOES 26 through 35.

57.  Since the conduct of the police officers was the direct result of the actions of defendants, defendants are vicariously liable for the acts of the police officers.

58. The conduct of defendants, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. However, in order to deliberately injure plaintiff, defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe injury upon plaintiff, thereby justifying an award of punitive damages against all defendants.

59.  As a proximate result, plaintiff suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for damages as set forth.

## JURY DEMAND

60.  Plaintiff hereby demands a jury trial in this action.

Complaint for Violation of Civil Rights --
Jury Trial Demanded

Page 14

**PRAYER**

**WHEREFORE**, Plaintiff prays for relief as follows:

1. General damages according to proof;

2. Special damages according to proof;

3. Punitive damages according to proof;

4. Reasonable attorney's fees;

5. Exemplary damages and an additional $25,000 for each violation against plaintiff pursuant to Civil Code section 51.7, and reasonable attorney fees, pursuant to Civil Code section 52, subdivision (b);

6. Costs of suit incurred herein; and,

7. Such other and further relief as the Court may deem just and proper.

Dated: 30 May 2001

                LAW OFFICES OF ANTHONY BOSKOVICH

                By:_____
                      Anthony Boskovich
                Attorney for Plaintiff Tanya Bradford